**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Docket No. 1:13-mj-06130-LTS |
| ZACHARY STOLOFF | |

## DEFENDANT'S MOTION FOR RELEASE ON CONDITIONS

The defendant, Zachary Stoloff ("the defendant"), by and through undersigned counsel, respectfully files this motion as a supplement to his oral petition for release, pursuant to 18 U.S.C. § 3142(a)(2). In short, the defendant avers and states that should this Honorable Court determine that the conditions, or combination of conditions, previously outlined at his detention hearing on October 4, 2013, are not sufficient to assure the safety of the community and any person, as well as the defendant's appearance as required, (e.g., release to the third party custody of his mother/father; maintain residence in Brighton, MA[1]; no use of internet; no contact with complaining witness; and GPS monitoring), the defendant respectfully asks this Court to consider the additional condition of home confinement, with GPS monitoring.

While relying on, and incorporating by reference herein, all aspects of his related proffer to this Honorable Court regarding the basis and grounds for his release on conditions, the defendant avers and states that the added condition of home confinement, while remaining in the third party custody of his mother, Shirley Roberts[2], and subject to GPS electronic monitoring to

---

[1] The defendant's complete home address has been redacted pursuant to F. R. Crim. P. 49.1, and will be made available to the Court, Pretrial Services and/or Probation upon request.

[2] As proffered in Court on October 4, the defendant's father, Michael Stoloff, with prior approval from PTS, may periodically "spell" his wife Shirley, or join her, in residence at the defendant's apartment such that one or both of his parents will always be in residence at his apartment during the pendency of his case.

establish his compliance therewith, is more than sufficient to assure the twin objectives of 18 U.S.C. § 3142(f)[3]. In so asserting, the defendant specifically relies upon the findings and conclusion in two signal 1st Circuit decisions regarding the issue(s) before this Honorable Court: United States v. Patriarca, 948 F.2d 789 (1st Cir. 1991) and United States v. O'Brien, 895 F.2d 810 (1st Cir. 1990). Despite the introduction of evidence supporting allegations in Patriarca that he was the "Boss" and titular leader of a world-wide criminal organization engaged in acts of murder, extortion, drug-dealing and witness intimidation (as supported by tape recordings of pledges by mafia inductees to kill government informants and witnesses if ordered to do so) with myriad "Soldiers" and "Associates" at his beck and call, the 1st Circuit nonetheless upheld the District Court's conclusion that release on conditions, including home confinement, were adequate to reasonably assure the safety of any person and the community. Although Patriarca was not facing a mandatory minimum prison sentence as the defendant is, the defendant in O'Brien was. Notwithstanding evidence in that case that the defendant was a high-level DEA Agent with ties outside the continental United States charged with narcotics violations requiring imposition of the same ten (10) years mandatory minimum prison sentence if convicted as at issue here, the 1st Circuit still upheld the District Court's conclusion that posting of the defendant's Virginia home and electronic monitoring were sufficient to ensure his appearance as required. United v. O'Brien, 895 F.2d at 811.

---

[3] The defendant agrees there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community and the defendant's appearance whenever the Court determines that "probable cause exists to believe that the [defendant] committed an offense for which the maximum term of ten years or more" is prescribed. United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988). However, "the presumption serves to shift the burden of production and to require that the defendant introduce *some* evidence to the contrary. United States v. O'Brien, 895 F.2d 810, 815 (1st Cir. 1990) [italics added]. The defendant has met that burden through evidence of his appearance in state court on charges alleging the same core facts as alleged herein, his full compliance with requisite conditions of release from state custody, including no contact with the alleged victim, and his remaining in the District despite awareness of a possible parallel federal charge and possible supplemental state charge of enhanced rape of child, which carries the same mandatory minimum sentence as the charges herein. By contrast, the government has failed in its burden of proving by clear and convincing evidence no condition can reasonably assure the safety of the community or the defendant's appearance.

Here, through this motion supplementing his earlier proffer, the defendant is proposing conditions arguably more stringent than imposed in the above-referenced cases; not only electronic monitoring, but also home confinement and third-party custodianship by his mother, who will reside with him in his Brighton apartment. While the charges in the instant case are very serious, it cannot seriously be contended that the defendant, who has had no contact with his alleged victim since his arrest, poses a greater threat to any person or the community than the confirmed leader of the New England Mafia. Likewise, it cannot be credibly argued that a twenty-nine (29) years old civilian web designer, with no prior criminal record who has previously "made" his court appearances as required, presents more of a flight risk than an experienced and seasoned DEA Agent with specialized training in undercover and covert operations.

Accordingly, the defendant respectfully requests that should this Honorable Court reject the specific conditions of release proposed in court on October 4, that it consider the following expanded set of conditions:

1. Home confinement at his apartment in Brighton, with exceptions only for pre-approved [by PTS] attorney visits to his lawyer's office in Boston; weekly visits to his psychiatrist's office in Newton for continued mental health counseling and therapy[4]; and emergency medical treatment(s) at the nearest hospital;

2. GPS electronic monitoring;

3. Third-party custody of his mother, Shirley Roberts, who will reside with him at his Brighton apartment, and address his subsistence needs and accompany him to and from all court appearances and any pre-approved lawyer, psychiatrist, or medical emergency visit(s);

4. No use of, or access to, the internet; and

5. All other standard conditions.

---

[4] Office of Dr. Roger Gray, 73 Lexington Street, Newton, MA.

3

The defendant submits that an order pursuant to 18 U.S.C. § 3142(h) incorporating all of the above enumerated conditions is sufficient to satisfy the dictates of 18 U.S.C. § 3142(f), and he respectfully requests this Honorable Court issue an order permitting his release subject thereto.

WHEREFORE, the defendant respectfully requests his motion for release on conditions be granted.

Dated: October 6, 2013                    Respectfully submitted,

ZACHARY STOLOFF

By and through his attorneys,

 /s/ *R. Bradford Bailey*
R. Bradford Bailey, BBO#549749
DENNER♦PELLEGRINO, LLP
Four Longfellow Place, 35th Floor
Boston, Massachusetts 02114
Tel.:   (617) 227-2800
Fax:   (617) 973-1562
rbb@dennerpellegrino.com

Certificate of Service

I, R. Bradford Bailey, hereby certify that on this, the 6th day of October 2013, I caused a true copy of the foregoing *Defendant's Motion for Release on Conditions* to be served upon all necessary parties by virtue of electronically filing the same via the CM/ECF system.

 /s/ *R. Bradford Bailey*
R. Bradford Bailey