AO 245B(05-MA)     (Rev. 06/05) Judgment in a Criminal Case
                   Sheet 1 - D. Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
## District of Massachusetts

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | |

**ZACHARY STOLOFF**
**a/k/a Zachary M. Stoloff**

Case Number: **1: 13 CR 10310 - 01 - FDS**

USM Number: 95611-038

R. Bradford Bailey, Esq.
_Defendant's Attorney_

☑ Additional documents attached

Date of Original/Amended Judgment:     10/01/2014

☑ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    1 of an indictment on June 30, 2014.

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:          Additional Counts - See continuation page ☐

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 2422(b) | Coercion and enticement of a minor | 08/25/13 | 1 |

    The defendant is sentenced as provided in pages 2 through    11    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)                    ☐ is  ☐ are  dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/24/2014
_Date of Imposition of Judgment_

/s/ Dennis Saylor
_Signature of Judge_

The Honorable F. Dennis Saylor IV
Judge, U.S. District Court
_Name and Title of Judge_

12/23/2014
_Date_

AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 2 - D. Massachusetts - 10/05

DEFENDANT: **ZACHARY STOLOFF**                    Judgment — Page  2  of  11
CASE NUMBER: **1: 13 CR 10310  - 01  - FDS**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of:        120       month(s)

☑ The court makes the following recommendations to the Bureau of Prisons:

Def't participate in the residential drug abuse program; that the Def't be designated to an institution where he
can participate in a sex offender treatment program and that the defendant be designated to an institution as
close as possible to his family in California.  Def't shall not have any direct or indirect contact with the victim

☑ The defendant is remanded to the custody of the United States Marshal.    Should the def't have incidental contact with
                                                                           a child or the victim, the defendant is
☐ The defendant shall surrender to the United States Marshal for this district:  required to immediately remove himself from
                                                                           the situation and notify his/her probation
    ☐ at _____  ☐ a.m.  ☐ p.m.   on    officer_____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____  to _____

a_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

✎AO 245B(05-MA)      (Rev. 06/05) Judgment in a Criminal Case
                     Sheet 3 - D. Massachusetts - 10/05

| | Judgment—Page  3  of  11 |
|---|---|

DEFENDANT: **ZACHARY STOLOFF**
CASE NUMBER: **1: 13 CR 10310  - 01  - FDS**

## SUPERVISED RELEASE

☑ See continuation page

Upon release from imprisonment, the defendant shall be on supervised release for a term of :      5    year(s)

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed  104  tests per year, as directed by the probation officer.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☑ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

✎AO 245B(05-MA)     (Rev. 06/05) Judgment in a Criminal Case
Sheet 4A - Continuation Page - Supervised Release/Probation -10/05

DEFENDANT:   **ZACHARY STOLOFF**
CASE NUMBER: **1: 13 CR 10310 - 01 - FDS**

Judgment—Page ___4___ of ___11___

## ADDITIONAL ☑ SUPERVISED RELEASE ☐ PROBATION TERMS

1. The defendant is prohibited from possessing a firearm, destructive device, or other dangerous weapon.

2. The defendant is not to consume any alcoholic beverages.

3. The defendant is to participate in a program for substance abuse counseling as directed by the Probation Office, which program may include testing, not to exceed 104 drug tests per year to determine whether the defendant has reverted to the use of alcohol or drugs. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of third-party payment.

4. The defendant is to participate in a mental health treatment program as directed by the Probation Office. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of third-party payment.

## Continuation of Conditions of ☑ Supervised Release ☐ Probation

5. Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall register as a sex offender not later than 3 business days (from release or sentencing, if granted probation). The defendant will keep the registration current, in each jurisdiction where the defendant resides, is employed or is a student. The defendant shall, not later than 3 business days after each change in name, residence, employment, or student status, appear in person in at least one jurisdiction in which the defendant is registered and inform that jurisdiction of all changes in the information. Failure to do so may not only be a violation of this condition but also a new federal offense punishable by up to 10 years imprisonment. In addition, the defendant must read and sign the Offender Notice and Acknowledgment of Duty to Register as a Sex Offender per the Adam Walsh Child Protection And Safety Act of 2006 form.

6. Defendant shall participate in a sexual specific evaluation or sex offender specific treatment, conducted by a sex offender treatment provider, as directed and approved by the Probation Office. The treatment provider shall be trained and experienced in the treatment of sexual deviancy, and follow the guideline practices established by the Association for the Treatment of Sexual Abusers (ATSA). The sexual specific evaluation may include psychological and physiological testing which may include polygraph, ABLE screening, and other types of testing, as approved by the Probation Office. The defendant shall disclose all previous sex offender or mental health evaluations to the treatment provider. The defendant shall also contribute to the costs of the evaluation, according to his/her ability, as determined by the Probation Office. When submitting to a polygraph exam, the defendant does not waive his or her Fifth Amendment rights, and the defendant's exercise of such rights will not give rise to a violation proceeding. The results of the polygraph examinations may not be used as evidence in Court to prove that a violation of community supervision has occurred, but may be considered in a hearing to modify release conditions and/or could initiate a separate investigation.
** See additional conditions of supervised release attached to the Amended Judgment**    ▣

AO 245B(05-MA)     (Rev. 06/05) Judgment in a Criminal Case
                   Sheet 5 - D. Massachusetts - 10/05

|  |  |
|---|---|
|  | Judgment — Page __5__ of __11__ |

DEFENDANT: **ZACHARY STOLOFF**
CASE NUMBER: **1: 13 CR 10310 - 01 - FDS**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ $100.00 | $ | $ $2,400.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Clerk, U.S. District Court for distribution to the victim. |  | $2,400.00 | 100 |

☐ See Continuation Page

| **TOTALS** | $ $0.00 | $ $2,400.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 - D. Massachusetts - 10/05

| | |
|---|---|
| DEFENDANT:   **ZACHARY STOLOFF** | Judgment — Page  6  of  11 |
| CASE NUMBER: **1:  13  CR  10310  - 01  - FDS** | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

        ☐ not later than _____ , or
        ☐ in accordance    ☐  C,   ☐  D,   ☐  E, or   ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with   ☐  C,   ☐  D, or   ☒  F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

     The restitution order is not a joint and several obligation with any other party.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

                                                                           ☐ See Continuation Page

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
Sheet 6B - D. Massachusetts - 10/05

| | | | Judgment—Page 7 of 11 |
|---|---|---|---|

DEFENDANT: **ZACHARY STOLOFF**

CASE NUMBER: **1: 13  CR  10310  - 01  - FDS**

## ADDITIONAL FORFEITED PROPERTY

As listed on the Final Order of Forfeiture:

(a) one Apple Macbook Laptop, bearing serial number W89530K17XK,

(b) one Apple Ipad 64G, bearing serial number DN6G22EEDFB,

(c) WD External Hard Drive My Passport for MAC, bearing serial number WDBGCHOOI0BSL-Ol,

(d) Sandisk Cruzer Thumb Drive 8 GB, SDCA36-008G,

(e) Olympus Digital Voice Recorder VN-1800,

(f) Apple 1 TB Time Capsule, serial number 6F9467 AXACD,

(g) X Box 360, bearing serial number 018932512609 with 4GB GigaWare, Storage Card, SDCZRSP-004G

(h) Arris Router, bearing serial number AAVBPC47B306771,

(i) HP Laptop Computer, bearing serial number 2CE5430NXL,

G) iPhone, bearing IMEI number 013787003381214,

(k) X Box 360, bearing serial number 076087723243,

(l) iPhone 5, bearing IMEI number 013428002352845, and

(m) one iPod, bearing serial number 8KI13GHV9ZU

AO 245B    (Rev. 06/05) Criminal Judgment
          Attachment (Page 1) — Statement of Reasons - D. Massachusetts - 10/05

| | |
|---|---|
| DEFENDANT:  **ZACHARY STOLOFF** | Judgment — Page  8  of  11 |
| CASE NUMBER: **1: 13 CR 10310  - 01  - FDS** | |
| DISTRICT:       **MASSACHUSETTS** | |

## STATEMENT OF REASONS

**I    COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A  ☑  **The court adopts the presentence investigation report without change.**

B  ☐  **The court adopts the presentence investigation report with the following changes.**
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
(Use Section VIII if necessary.)

1  ☐  **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):

2  ☐  **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

3  ☐  **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

4  ☐  **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C  ☐  **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II   COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

A  ☐  No count of conviction carries a mandatory minimum sentence.

B  ☑  Mandatory minimum sentence imposed.

C  ☐  One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

☐  findings of fact in this case

☐  substantial assistance (18 U.S.C. § 3553(e))

☐  the statutory safety valve (18 U.S.C. § 3553(f))

**III  COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level:        31
Criminal History Category:  1
Imprisonment Range:    120    to  135        months
Supervised Release Range:  5          to  5            years
Fine Range: $  15,000      to  $  150,000
☑  Fine waived or below the guideline range because of inability to pay.

AO 245B (05-MA)   (Rev. 06/05) Criminal Judgment
Attachment (Page 2) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT:   **ZACHARY STOLOFF**
CASE NUMBER: **1: 13 CR 10310  - 01  - FDS**
DISTRICT:      **MASSACHUSETTS**

# STATEMENT OF REASONS

**IV   ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A ☑  **The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.**

B ☐  **The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.**
(Use Section VIII if necessary.)

C ☐  **The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.**
(Also complete Section V.)

D ☐  **The court imposed a sentence outside the advisory sentencing guideline system.**  (Also complete Section VI.)

**V   DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A   **The sentence imposed departs** (Check only one.):
☐ below the advisory guideline range
☐ above the advisory guideline range

B   **Departure based on** (Check all that apply.):

1   **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 plea agreement based on the defendant's substantial assistance
☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
☐ binding plea agreement for departure accepted by the court
☐ plea agreement for departure, which the court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense departure motion.

2   **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 government motion based on the defendant's substantial assistance
☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
☐ government motion for departure
☐ defense motion for departure to which the government did not object
☐ defense motion for departure to which the government objected

3   **Other**
☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C   **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.):

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ 4A1.3 | Criminal History Inadequacy | ☐ 5K2.1 | Death | ☐ 5K2.11 | Lesser Harm |
| ☐ 5H1.1 | Age | ☐ 5K2.2 | Physical Injury | ☐ 5K2.12 | Coercion and Duress |
| ☐ 5H1.2 | Education and Vocational Skills | ☐ 5K2.3 | Extreme Psychological Injury | ☐ 5K2.13 | Diminished Capacity |
| ☐ 5H1.3 | Mental and Emotional Condition | ☐ 5K2.4 | Abduction or Unlawful Restraint | ☐ 5K2.14 | Public Welfare |
| ☐ 5H1.4 | Physical Condition | ☐ 5K2.5 | Property Damage or Loss | ☐ 5K2.16 | Voluntary Disclosure of Offense |
| ☐ 5H1.5 | Employment Record | ☐ 5K2.6 | Weapon or Dangerous Weapon | ☐ 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ 5H1.6 | Family Ties and Responsibilities | ☐ 5K2.7 | Disruption of Government Function | ☐ 5K2.18 | Violent Street Gang |
| ☐ 5H1.11 | Military Record, Charitable Service, Good Works | ☐ 5K2.8 | Extreme Conduct | ☐ 5K2.20 | Aberrant Behavior |
| | | ☐ 5K2.9 | Criminal Purpose | ☐ 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ 5K2.0 | Aggravating or Mitigating Circumstances | ☐ 5K2.10 | Victim's Conduct | ☐ 5K2.22 | Age or Health of Sex Offenders |
| | | | | ☐ 5K2.23 | Discharged Terms of Imprisonment |
| | | | | ☐ | Other guideline basis (e.g., 2B1.1 commentary) |

D   **Explain the facts justifying the departure.** (Use Section VIII if necessary.)

AO 245B ( 05-MA)   (Rev. 06/05) Criminal Judgment
Attachment (Page 3) — Statement of Reasons - D. Massachusetts 10/05

DEFENDANT:     **ZACHARY STOLOFF**                          ⊞          Judgment — Page   10   of     11
CASE NUMBER: **1: 13  CR  10310   - 01   - FDS**
DISTRICT:          **MASSACHUSETTS**

# STATEMENT OF REASONS

**VI   COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

A     **The sentence imposed is** (Check only one.):
☐ below the advisory guideline range
☐ above the advisory guideline range

B     **Sentence imposed pursuant to** (Check all that apply.):

1     **Plea Agreement** (Check all that apply and check reason(s) below.):
☐   binding plea agreement for a sentence outside the advisory guideline system accepted by the court
☐   plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
☐   plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

2     **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐   government motion for a sentence outside of the advisory guideline system
☐   defense motion for a sentence outside the advisory guideline system to which the government did not object
☐   defense motion for a sentence outside of the advisory guideline system to which the government objected

3     **Other**
☐   Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

C     **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

☐   the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
☐   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))
☐   to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
☐   to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
☐   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))
☐   to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))
☐   to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

D     **Explain the facts justifying a sentence outside the advisory guideline system.**  (UseSection VIII if necessary.)

AO 245B ( 05-MA) (Rev. 06/05) Criminal Judgment
Attachment (Page 4) — Statement of Reasons - D. Massachusetts - 10/05

| | |
|---|---|
| DEFENDANT: | **ZACHARY STOLOFF** |
| CASE NUMBER: | **1: 13 CR 10310  - 01  - FDS** |
| DISTRICT: | **MASSACHUSETTS** |

Judgment — Page  11  of  11

# STATEMENT OF REASONS

## VII  COURT DETERMINATIONS OF RESTITUTION

A  ☐  Restitution Not Applicable.

B  Total Amount of Restitution:  $2,400.00

C  Restitution not ordered (Check only one.):

1  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

2  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

3  ☐  For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

4  ☐  Restitution is not ordered for other reasons.  (Explain.)

D  ☐  Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

## VIII  ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

| | | | |
|---|---|---|---|
| Defendant's Soc. Sec. No.: | 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 | Date of Imposition of Judgment | 11/24/2014 |
| Defendant's Date of Birth: | 00/00/1984 | /s/ Dennis Saylor | |
| Defendant's Residence Address: | N/A | Signature of Judge | |
| | | The Honorable F. Dennis Saylor IV | Judge, U.S. District Court |
| Defendant's Mailing Address: | N/A | Name and Title of Judge | |
| | | Date Signed  12/23/2014 | |

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES of AMERICA** | ) | |
| | ) | |
| v. | ) | **Criminal No.** |
| | ) | **13-10310-FDS-1** |
| **ZACHARY STOLOFF,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ADDTIONAL CONDITIONS OF SUPERVISED RELEASE

7. The defendant shall not possess or use a computer, internet-capable device, or similar electronic device or have access to any online service without the prior approval of the Probation Office.

8. The defendant shall allow the installation of a computer and internet monitoring program and/or identify computer systems, internet-capable devices, and similar memory and electronic devices to which the defendant has access (except a computer owned by his employer and not located in his residence). The program(s) used will be designed to identify, for the probation office, the viewing, downloading, uploading, transmitting, or otherwise using any images or content of a sexual or otherwise inappropriate nature. The defendant shall contribute to the cost of such monitoring services, based on the defendant's ability to pay, as deemed appropriate by the Probation Office.  The defendant shall not attempt to remove or otherwise defeat such systems, and shall allow the Probation Office to examine such computer and receive data from it at any reasonable time.

9. The defendant shall advise anyone in his household that any computer in the household may be subject to computer monitoring.

10. The defendant is not to possess or use a computer, internet-capable device, or similar electronic device without the prior permission of the Probation Office. Any device previously mentioned should not be used to access child pornography or to communicate with any individual or group for the purpose of promoting sexual relations with children. The defendant is prohibited from entering chat rooms, to send or receive instant messages, or to send or receive email with attached electronic files through any electronic medium unless previously approved by the Probation Office. The defendant shall not utilize any sex-related telephone services, websites, or electronic bulletin boards.

11. The defendant shall disclose all account information relative to internet access, social networking, and email, including user names and passwords, to the Probation Office. The defendant shall also, if requested, provide a list of all software/hardware on his computer, as well as telephone, cable, or internet service provider billing records and any other information deemed necessary by the Probation Office to monitor the defendant's computer usage.

12. The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring their compliance with the imposed computer access/monitoring conditions, including, but not limited to, credit card bills, telephone bills, and cable/satellite television bills.

13. The defendant shall have no direct or indirect contact with children under the age of 18, except in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense, and who has been approved by the Probation Office.

14. The defendant shall consent to third party disclosure to any employer or potential employer concerning any computer-related restrictions that are imposed upon him, unless excused by the probation officer. The defendant shall not be employed in any capacity that may cause the defendant to come in direct contact with children, except under circumstances approved in advance by the supervising probation officer. In addition, the defendant shall not participate in any volunteer activity that may cause the defendant to come into direct contact with children, except under circumstances approved in advance by the defendant's probation officer. Contact is defined as any transaction occurring face to face, over the telephone, via mail, over the internet, and any third party communication.

15. Prior to accepting any form of employment, the defendant shall seek the approval of the Probation Office, in order to allow the Probation Office the opportunity to assess the level of risk to the community the defendant may pose if employed in a particular capacity.

16. The defendant shall not have any direct or indirect contact with the victim or victim's family while incarcerated or during his term of supervised release. Should he defendant have incidental contact with a child or the victim, the defendant is required to immediately remove himself from the situation and notify his prob